UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SIALAO MOBLEY, <br><br> Plaintiff, <br><br> v. <br><br> COCA-COLA CONSOLIDATED, INC. <br> Defendant. | Case No. [3:26-cv-00169] <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

INTRODUCTION

The Plaintiff, Sialao Mobley ("Mr. Mobley" or "Plaintiff"), by and through undersigned counsel, hereby files this complaint against Coca-Cola Consolidated, Inc., ("Defendant"), and alleges the following:

NATURE OF CLAIMS:

1. This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), to redress Defendant's unlawful employment practices against Mr. Mobley, including Defendant's retaliation for Mr. Mobley's lawful exercise of his rights under the FMLA, leading to his unlawful termination.

PARTIES, JURISDICTION, AND VENUE

2. Plaintiff currently resides in Simi Valley, California.

3. At all relevant times, Plaintiff was a resident of Catawba County, North Carolina.

1

4. Defendant, Coca-Cola Consolidated, Inc., is a North Carolina-registered entity that was doing business in North Carolina at all relevant times.

5. Mr. Mobley worked for Defendants at their principal office located at 4100 Coca-Cola Plaza, Charlotte, North Carolina, 28211.

6. This Court has subject matter jurisdiction over this matter due to the existence of federal questions, pursuant to 28 U.S.C. § 1331, as the action arises under the Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*

7. All material allegations relative to the named defendant contained in this Complaint occurred in the State of North Carolina, Mecklenburg County. Therefore, venue properly lies in the Charlotte Division of the United States Court for the Western District of North Carolina, pursuant to 28 U.S.C. § 1391(b).

## CONDITIONS PRECEDENT

8. At the time of his termination, Mr. Mobley was an eligible employee as defined by the Family and Medical Leave Act (29 U.S.C. § 2611(2)).

9. Defendant employed over 500 more employees for each working day during each of the calendar workweeks and is therefore subject to the Family and Medical Leave Act (29 U.S.C. § 2611).

## GENERAL ALLEGATIONS

10. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

11. Plaintiff was employed by Defendant in a full-time capacity as a software engineer from November 27, 2023, until his termination on September 17, 2025.

12. Mr. Mobley's performance reviews reflect that he consistently performed well.

13. Mr. Mobley and the team he was assigned to primarily worked remotely (away from the office) and were required to come into the office every other week for an office day.

14. However, sometimes the office days were substituted for other Coca-Cola Consolidated activities or removed entirely.

15. In or about June 2025, Mr. Mobley told his supervisor, John Crooks ("Crooks"), that his wife had been under extreme stress and pressure following the recent birth of their fourth child, and he wanted to relocate to California for approximately eight months to help with her physical and mental recovery.

16. Crooks stated that as long as Mr. Mobley maintained his North Carolina address and attended the required in-person meetings, then everything would be fine.

17. Mr. Mobley split his time between California and Charlotte, North Carolina, over the next few months, and Crooks was aware that Mobley was working in both states.

18. On September 12, 2025, Mr. Mobley met with Crooks and told him that he was experiencing financial strain from maintaining homes on both coasts.

19. Mr. Mobley requested an alternate schedule that would allow him to pick up a part-time job to help with the additional expenses, but his request was denied.

20. Then Mr. Mobley told Crooks that he was interested in taking some type of leave, and Crooks said he would inquire to see if Mr. Mobley qualified for FMLA.

21. After his meeting with Crooks, Mr. Mobley emailed Brie McConnaughey ("McConnaughey") in Defendant's Human Resources department to inquire how to request FMLA leave.

22. On September 15, 2025, Crooks and McConnaughey called Mr. Mobley to inform him that he needed to apply for FMLA leave by September 16, 2025, at 5:00 p.m.

23. During the call, McConnaughey asked Mr. Mobley where he was working from.

24. Mr. Mobley replied with his address in Hickory, North Carolina, and informed McConnaughey that he travels back and forth from North Carolina to California.

25. Mr. Mobley applied for FMLA leave as instructed on September 16, 2025.

26. On September 17, 2025, Crooks and McConnaughey called Mr. Mobley to terminate his employment.

27. During the call, McConnaughey stated that Mr. Mobley's employment was terminated due to his allegedly lying about where he was working.

28. However, Defendant's alleged reason for terminating Mrs. Mobley's employment was pretextual, and he was actually terminated for requesting use of FMLA leave.

29. Defendant did not pay Mr. Mobley's earned 2025 bonus due to his termination.

## COUNT ONE
### (FMLA Retaliation)

30. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

31. Defendant fired Mr. Mobley for exercising, or attempting to exercise, his right to FMLA leave in violation of 29 U.S.C. § 2615.

## COUNT TWO
### (Interference with Rights Under FMLA)

32. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

33. Plaintiff was entitled to rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et *seq*.

34. Defendant otherwise failed to discharge their obligations under the FMLA, including but not limited to the FMLA implementing regulations 29 C.F.R. 825.300(e).

35. Defendant interfered with Plaintiff's rights under the FMLA.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor as follows:

1. Front pay;

2. Back Pay, including lost wages and benefits;

3. Lost Benefits and Expenses;

4. Liquidated Damages;

5. An award of costs and reasonable attorneys' fees;

6. Pre- and post-judgment interest on all amounts claimed; and

7. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims.

Respectfully submitted on this 4th day of March, 2026.

/s/ *Kirton M. Madison*
Kirton M. Madison
North Carolina State Bar No.43029
MADISON LAW, PLLC
8936 Northpointe Executive Park Drive
Suite 240-260
Huntersville, NC  28078
Tel: (704) 981-2790
kmadison@madlawpllc.com
*Attorney for Plaintiff*